

# THE ATTORNEY GENERAL

# OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

December 20, 1971

Hon. James H. Harwell
Executive Director
Texas Industrial Commission
814 Sam Houston Building
Austin, Texas 78711

Opinion No. M-1022

Re: Whether the Director of
the International Trade
Division may authorize
the manager of the Texas
International Trade Office
in Mexico to expend funds
for the purchase of Mexican
postage stamps in Mexico in
conducting State of Texas
business.

Dear Mr. Harwell:

We quote from your letter requesting an opinion from
this office as follows:

"The International Trade Division, Texas
Industrial Commission, opened an extension office
in Mexico City on 1 October, 1971. Your opinion
is respectfully solicited on the following matter.

"The Republic of Mexico requires that all
correspondence utilizing the mail system, and
originating in Mexico, must have Mexican postage
stamps affixed to such pieces of mail.

"Section 42 of Senate Bill No. 11, Regular
Session as amended by Senate Bill No. 7, first
called Session Sixty-Second Legislature, 1971,
(the current Appropriations Bill) entitled Pur-
chases of Postage specified that expenditures
for post office box rent or postage stamps be
paid on Vouchers made payable to a United States
Post Office, and the warrant or check shall be
endorsed by the Postmaster from whom the purchase
is made. It is apparent that Mexican stamps for

-4980-

use by our Mexico office would have to be
purchased from the Mexican Post Office Service,
therefore, your specific opinion is required to
permit the Director of the International Trade
Division to authorize the manager of the Texas
International Trade Office in Mexico to expend
funds for purchase of Mexican stamps in Mexico
in order to conduct the State of Texas' business."

We hold that the Texas Industrial Commission,
acting through its duly authorized personnel, may expend in
Mexico monies appropriated to it by line item 14 of Article
III, Sec. 1, of the current General Appropriation Act (S.B. 11,
Acts 62nd Leg., R.S., 1971, as amended by S.B. 7, 1st C.S.,
same Leg., at p. III-85) for the purchase of postage stamps
of the Country of Mexico which are necessarily incident to the
conduct of its authorized operations in that country.

Your question arises by reason of the apparent con-
flict between Sec. 42 of Article V of the current General
Appropriation Act (at p. V-49), and line item 14 in Section 1
of Article III of that Act (at p. III-85).  These provisions
read as follows:

"Sec. 42.  PURCHASES OF POSTAGE.  None of the
moneys appropriated in this Act shall be expended
for postage stamps or post office box rent except
on vouchers made payable to a United States Post
Office, and the warrant or check shall be endorsed
by the Postmaster from whom the purchase is made;
provided, however, this restriction shall not apply
in any reimbursement authorized under Section 31 of
this Article."

"14.  To provide from the General Revenue
Fund for international trade projects including
but not limited to foreign trade missions, over-
seas offices, reverse investment missions, includ-
ing salaries of exempt and classified positions,
professional fees and services, part-time and sea-
sonal help, travel consumable supplies and materials,
current and recurring operating expenses, capital
outlay, planning grants and all other activities for

-4981-

which no other provisions are made." (under-
scoring added).

Although the wording of Sec. 42 is specific, its scope
is limited. On the other hand, the language of line item 14 is
broad and general. The intent of the Legislature in line item
14 is clearly to the effect that it intends that the international
and foreign trade activities of the State be continued and carried
on. Specifically included in the grant in line item 14 are "con-
sumable supplies and materials, current and recurring operating
expenses...and all other activities for which no other provisions
are made."

It seems evident that Sec. 42 applies only to United
States postage because only United States postage is sold by United
States post offices. It is equally evident that the Legislature
intended by line item 14 to enable foreign trade missions, etc.,
to make all expenditures necessary for performance of their duties.
From these premises it follows either that line item 14 is an excep-
tion to Sec. 42 or that the Legislature considered these provisions
as different and non-conflicting. 52 Tex. Jur.2d 208-210, Statutes,
Sec. 143-144. The legislative intent, gathered from the overall
view of these two provisions, must control. 52 Tex.Jur.2d 180-187,
Sec. 124, and also at pp. 237-240, Sec. 163.

Our prior Opinion No. M-909 (1971) held that the Industrial
Commission had authority under Article 6144e, Sec. 4, Vernon's
Civil Statutes, to open and operate an extension office in Mexico
City, Mexico, D.F. The several types of operating expenses specified,
together with the broad authorization of ". . .and all other activ-
ities for which no other provisions are made," which are authorized
in line item 14, are in support of the manifest intent of the Legis-
lature therein specified that this office in Mexico function in the
normal and unual manner of a business office. Necessarily incident
to that functioning is the use of the mails of that country and the
consequent necessity, in the usual course of business, for the pur-
chase of postage stamps of that country in that country as needed.
A construction of Sec. 42 that is a burden upon the clear mandatory
language of line item 14 should be avoided.

To construe the Appropriation Act in such a manner as to
permit Section 42 to control over the language in line item 14 would

be to adopt a construction that will lead to absurd or ridiculous consequences or purposeless or useless results, contrary to the well settled canons of statutory construction. 53 Tex.Jur. 243-245, Statutes, Sec. 165. As stated by the text, ". . .the legislature is not to be credited with doing or intending a foolish, useless, or vain thing, nor with requiring a futile, impossible, or useless thing to be done." If Section 42 were applicable to line item 14, the Texas International Trade Office in Mexico would be forced to carry on operations without being able to engage in correspondence or use the mails. In lieu of written correspondence, the office would in all probability be forced to engage in expensive telephone calls, many of which would be insufficient and impracticable to accomplish necessary operations. We cannot credit the legislature with any such absurd, foolish, or purposeless intent and therefore adopt that construction which avoids such result.

## S U M M A R Y

Authorized personnel of the Texas Industrial Commission may expend in Mexico monies appropriated to it by line item 14 of Article III, Sec. 1 of the current General Appropriation Act (S.B. 11, Acts 62nd Leg., R.S., 1971, as amended by S.B. 7, 1st C.S., same Leg., at p. III-85) for the purchase of postage stamps of the Country of Mexico which are necessarily incident to the conduct of its authorized operations in that country.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Ivan R. Williams, Jr.
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Hon. James H. Harwell, page 5 (M-1022)


Bob Gauss
Lynn Taylor
Sally Phillips
Dan Green

SAM McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant